IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TYRONE LUNSFORD, JR., )
)
      **Plaintiff,** )
)
vs. ) CIVIL NO. 10-531-JPG
)
MADISON COUNTY JAIL, MADISON )
COUNTY, ILLINOIS, NURSE )
UNFRIED, MADISON COUNTY )
JAILERS, )
)
      **Defendants.** )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Tyrone Lunsford, Jr., a detainee in the Madison County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from
>     such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**<u>The Complaint</u>**

Plaintiff alleges that on October 23, 2009, he was assaulted by another jail inmate, Nathan Johnson. Plaintiff believes the attack may have been set up by his jailers in retaliation for Plaintiff having filed a lawsuit against jail employees. Defendant Unfried refused him medical attention after the attack, and other jail employees refused to take photos of his injuries. He was then placed in segregation for twenty days without any disciplinary hearing.

Plaintiff demands a jury trial, and seeks an order requiring Defendants to pay his medical bills as well as damages in the amount of $375,000.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into four (4) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Failure to Protect from Inmate Assault**

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not enough to state a claim, *Pinkston*, F.3d at 889 (*discussing Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

Plaintiff alleges that as a detainee, he was improperly housed with convicted prisoners in

violation of Illinois County Jail Standards, and that Defendants denied his repeated requests to be moved to another location. Inmate Johnson, who attacked Plaintiff, was one of these convicted prisoners. However, the complaint is devoid of any allegations that Plaintiff had received any specific threats from Inmate Johnson or any other inmate, let alone that such a specific threat had been reported to any Defendant. Moreover, even if Plaintiff's housing assignment was in violation of a statute or administrative regulation, that alone does not create constitutional liability. "The simple fact that state law prescribes certain procedures does not mean that the procedures thereby acquire a federal constitutional dimension." *Vruno v. Schwarzwalder*, 600 F.2d 124, 130-31 (8th Cir. 1979) (citations omitted). A federal court does not enforce state law and regulations. *Archie v. City of Racine,* 847 F.2d 1211, 1217 (7th Cir.1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989).

For the above reasons, Plaintiff fails to state a claim for Defendants' failure to protect him from the assault, and Count One must therefore be dismissed.

**Count 2 - Retaliation**

Plaintiff's allegations that the assault by Inmate Johnson may have been engineered by the Defendants in retaliation for his having filed an unrelated civil rights lawsuit, however, is a different matter. Prison officials may not retaliate against inmates for filing grievances, lawsuits, or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.* A complaint that provides a short, clear statement of the relevant facts complies with the federal rules of civil procedure, and thus cannot be dismissed because it does not allege all facts necessary to clearly establish a valid claim. *Id.*

Plaintiff states that in July, 2009, he filed suit against employees of the Madison County Jail over a December, 2008, incident. That case, *Lunsford v. Briddick*, 09-cv-575-MJR-SCW, is still pending in this Court. Plaintiff sued three jail employees for excessive force and denial of medical treatment. Plaintiff also names the alleged act of retaliation – setting up the attack on him by Inmate Johnson. The retaliation claim therefore cannot be dismissed at this stage.

However, Plaintiff has not identified any of the individual defendants he believes were responsible for the retaliation. He has named "Madison County Jailers," Madison County Jail, and Madison County, Illinois, as Defendants in this action.

Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 832 (7th Cir. 2009). Therefore, Plaintiff will be given the opportunity to conduct discovery and amend his complaint to name the individual Madison County Jailers involved in this claim.

In order to obtain relief against a municipality, a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the municipality. *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 691 (1978). Governmental entities cannot be held liable for the unconstitutional acts of their

employees unless those acts were carried out pursuant to an official custom or policy. *Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006). Plaintiff has made no allegation that the retaliatory acts resulted from any official policy, custom or practice of the Madison County Jail or Madison County, Illinois; thus those defendants must be dismissed from this claim without prejudice.

**Count 3- Deliberate Indifference - Refusal of Medical Care**

Plaintiff claims that after the attack, he had a badly cut lip, a one-inch gash on the back of his head, a swollen right elbow, and numerous scratches, scrapes, bumps and bruises. Defendant Nurse Unfried refused to give Plaintiff any medical attention for these injuries. Plaintiff was then held in a segregation cell for 20 days, still without receiving any medical attention. After his release from segregation, the visible signs of his injuries were gone.

Although claims brought pursuant to Section 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)). "A state official violates the due process rights of a pretrial detainee when she acts with deliberate indifference toward the detainee's serious medical needs." *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999).

> In order to sustain a § 1983 claim for violation of [a detainee's] Fourteenth Amendment due process right to adequate medical care, the plaintiff must show that: (1) [detainee] had an objectively serious medical condition; (2) the defendants knew of the condition and were deliberately indifferent to treating her;

and (3) this indifference caused her some injury. *See Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008); *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999). An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *See Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999).

*Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010)

While negligent treatment or even malpractice by a medical professional does not state a constitutional claim, *see Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008), Plaintiff here alleges that he was refused any treatment at all for cuts that included a "one inch gash." A layperson would expect a one-inch cut to require stitches or other medical attention. In addition, the bruises and swelling Plaintiff described would have caused him pain, but no pain medication was given to him. *See Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). Plaintiff indicates Defendant Unfried knew of his condition and refused treatment. Therefore, at this stage of the litigation, the claim against Defendant Nurse Unfried cannot be dismissed.

**Count 4 - Procedural Due Process - Discipline**

To state a claim under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. *See also Murphy v. Walker*, 51 F.3d

714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285, 1289-90 (7th Cir. 1991). However,

> a pretrial detainee can be punished for misconduct that occurs while he is awaiting trial in a pretrial confinement status. Notably, the basis for this punishment is not the underlying crime of which he stands accused; rather, this punishment is based upon the detainee's actions while in pretrial confinement.

*Rapier v. Harris*, 172 F.3d 999, 1003 (7th Cir. 1999). The Seventh Circuit has recognized that, for pretrial detainees, procedural protections are required within a reasonable time of the imposition of any punishment. *See Holly v. Woolfolk*, 415 F.3d 678, 680-82 (7th Cir. 2005) (hearing for detainee within 48 hours of placement in segregation did not violate due process; hearing need not take place prior to imposition of punishment); *see generally Wolff v. McDonnell*, 418 U.S. 539 (1974).

In *Wolff*, the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-72.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983).

In Plaintiff's case, he alleges that soon after the assault by Inmate Johnson, Plaintiff was taken to an "isolation/segregation cell" and placed on 24-hour lockdown for approximately 20 days. Plaintiff states he was never given any hearing for any alleged violations that he may have committed. Because the minimal procedural due process requirements spelled out in *Wolff* were

not met, Plaintiff's claim cannot be dismissed at this stage.

However, Plaintiff has again failed to identify any individual defendants who were responsible for the alleged deprivation of his rights, nor has he alleged that the deprivation was a result of any official policy, custom or practice of Madison County or the Madison County Jail. Therefore, for the reasons outlined in Count Two above, Defendants Madison County, Illinois, and Madison County Jail will be dismissed from this count without prejudice. Plaintiff shall be allowed to amend his complaint to add the names of the Madison County Jailers who allegedly violated his due process rights.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT ONE** fails to state a claim upon which relief may be granted, and thus is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants **MADISON COUNTY JAIL** and **MADISON COUNTY, ILLINOIS** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall file his First Amended Complaint, naming the individual Defendants responsible for the alleged deprivations in Count Two and Count Four, within 30 days of the entry of this order (on or before April 1, 2011). Failure to file an amended complaint may result in dismissal of the claims in Count Two and Count Four pursuant to Federal Rule of Civil Procedure 41(b).

Further, the Plaintiff is advised that any proposed amendments or supplements to his complaint must be properly filed pursuant to Federal Rule of Civil Procedure 15(a) or (d). In addition, pursuant to Southern District of Illinois Local Rule 15.1, the proposed amendment to a pleading or amended pleading itself must be submitted at the time the motion to amend is filed.

The Court will not accept piecemeal amendments to the original complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendant **UNFRIED**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be

disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 2, 2011**

*s/J. Phil Gilbert*
**United States District Judge**