IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE LUNSFORD, JR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MADISON COUNTY JAIL, *et al.*, )<br>)<br>Defendants. ) | Case No.: **3:10-cv-00531-JPG-PMF** |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is the defendant's motion for summary judgment (Doc. 34). The plaintiff has filed a response (Doc. 42), and the defendant has filed a reply (Doc. 43). For the following reasons, it is recommended that the defendant's motion for summary judgment (Doc. 34) be granted.

### I.   FACTS

On October 23, 2009, the plaintiff, Tyrone Lunsford, Jr., was detained at Madison County Jail awaiting trial on criminal charges. Lunsford returned to his jail-cell on that day to find that the juice included in his lunch had gone missing.

"Who stole my lunch?" Lunsford asked the nearby detainees.

When no one responded, Lunsford elaborated, "Where is my juice? If I don't get my juice back, I am going to have to tell the guards. We are going to get lockdown if I tell the guards my juice got stolen."

Lunsford figured that the other detainees would not want to be locked down because of stolen juice. However, another detainee by the name of Nathan Johnson, who had just been transferred to Lunsford's cellblock the day before, took exception to the threat. Johnson fired

1

back at Lunsford, stating, "The juice is gone.  Deal with it.  You're not going to be able to tell the police nothing."

Before Lunsford could say anything in response, Johnson hauled off and struck Lunsford in the mouth.  Lunsford and Johnson fell to the floor, and the two men began to scuffle.  Lunsford called for the guards while trying to defend himself from Johnson.  During the struggle, Lunsford absorbed four or five punches to the face while he tried to maneuver toward the cell opening where the guards would be better able to hear his pleas for help.  Finally, Lunsford was able to kick over some lunch trays, and a guard was alerted by the loud, crashing sound of the trays hitting the floor.

After being separated, Johnson tried to continue the altercation with Lunsford.  Lunsford warned Johnson, "He got pepper spray.  He is going to spray us.  You better stop."

Johnson heeded, and all of the detainees on the cell-block were separated into individual cells.  Lunsford was no longer concerned about his missing juice.  He was covered in blood with apparent injuries to his mouth.  He believed that his entire face had been severely damaged as a result of the fight.  The guards took Lunsford to wash the blood off his face, and he was escorted to the infirmary within 15 minutes of the altercation.

Lunsford was seen by Nurse Unfried at the Madison County Jail infirmary.  Lunsford told Unfried that he was in pain and that his back was "hurting some" from possibly hitting the concrete floor after he was struck.  Unfried examined Lunsford's facial injuries and observed bumps and bruises around Lunsford's eyes as well as a laceration inside his lip.  Unfried administered an eye test and concluded that Lunsford had no loss of consciousness.  With regard to the lacerated lip, Unfried observed that the cut was inside his upper, left lip.  Because the cut was inside the lip and not a "through wound," the protocol in place at Madison County Jail at the

time did not provide for a specific treatment such as stitches.  Unfried directed Lunsford to rinse his mouth each time he eats or drinks, in which case the wound would likely heal within 72 hours.  As for the back pain, Lunsford had already been receiving periodic treatment in the form of over-the-counter pain relievers during his time at Madison County Jail.  After an examination that lasted for approximately five minutes, Lunsford was placed in a different cellblock so that he could recover from his injuries.

## II.    PROCEDURAL HISTORY

Lunsford filed this lawsuit pursuant to 42 U.S.C. § 1983 ("§ 1983") on July 19, 2010 alleging violations of his constitutional right to be free from cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution.  The Court screened the complaint on March 2, 2011, pursuant to its authority it 28 U.S.C. § 1915A and dismissed two of the four named defendants.  *See* Doc. 7.  A third, unnamed defendant was subsequently dismissed when Lunsford did not file an amended complaint naming the individual by a court-ordered deadline.  *See* Docs. 16, 17.  The only remaining claim is that defendant Nurse Unfried was deliberately indifferent to the serious medical needs of Lunsford when she failed to properly administer medical care to Lunsford following his altercation at Madison County Jail on October 23, 2009.  Unfried filed the instant (Doc. 34) motion for summary judgment on May 10, 2012.

## III.    DISCUSSION

Nurse Unfried argues that she is entitled to summary judgment because Lunsford cannot prove that she was deliberately indifferent to his serious medical needs.  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392,

396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396. In order to defeat summary judgment, the nonmoving party must do more than raise a metaphysical doubt as to the material facts. *Keri v. Board of Trustees of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006), *cert. denied*, 549 U.S. 1210, 127 (2007), (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Rather, he "must come forward with specific facts showing that there is a genuine issue for trial." *Id.*

Lunsford was a pre-trial detainee at the time of the relevant allegations of this lawsuit. As the Court stated in its initial screening order, "[a]lthough claims brought pursuant to [§] 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) without differentiation. *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999))." Doc. 7 at 6 (internal quotations omitted). The Seventh Circuit Court of Appeals has summarized the applicable law of this Circuit with regard to Eighth Amendment claims for inadequate medical care as follows:

> "As we recently have stated,
>
>> The Eighth Amendment's prohibition against cruel and unusual punishment, which embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency," prohibits punishments which are incompatible with "the evolving standards of decency that mark the progress of a maturing society." *Estelle [v. Gamble]*, 429 U.S. [97,] 102 [97 S.Ct. 285, 50 L.Ed.2d 251 (1976) ] (quotation marks omitted). It thus requires that the government provide "medical care for those whom it is punishing

> by incarceration." *Id*. at 103 [97 S.Ct. 285]. The Eighth Amendment safeguards the prisoner against a lack of medical care that "may result in pain and suffering which no one suggests would serve any penological purpose." *Id*. Accordingly, "deliberate indifference to serious medical needs" of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution. *Id*. at 104 [97 S.Ct. 285].
>
> *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) (parallel citations omitted).
>
> A successful deliberate indifference claim is comprised of both an objective and a subjective element. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). First, an inmate must demonstrate that, objectively, the deprivation he suffered was "sufficiently serious; that is, it must result in the denial of the minimal civilized measure of life's necessities." *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). In the medical care context, this objective element is satisfied when an inmate demonstrates that his medical need itself was sufficiently serious. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is considered sufficiently serious if the inmate's condition "has been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Notably, "[a] medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Second, an inmate must establish that prison officials acted with a " 'sufficiently culpable state of mind' " to support liability under § 1983. *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970). Although negligence or inadvertence will not support a deliberate indifference claim, an inmate need not establish that prison officials actually intended harm to befall him from the failure to provide adequate care. *Walker*, 293 F.3d at 1037. "[I]t is enough to show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk." *Greeno*, 414 F.3d at 653.

*Roe v. Elyea*, 631 F.3d 843, 856-57 (7th Cir. 2011).

### A. <u>Mouth Injury</u>

Nurse Unfried does not dispute that Lunsford had an objectively serious medical need with respect to the mouth injury sustained by Lunsford on October 23, 2009. *See* Doc. 34 at 6. Unfried does dispute, however, that she disregarded the serious medical need. *See id*. For support, Unfried submits Lunsford's deposition transcript, her own affidavit, and other

supporting documents. *See* Docs. 34-1, 34-2, 34-3.  In response, Lunsford argues that genuine issue of material facts exists for trial because the evidence submitted by Unfried establishes that the care administered by her on October 23, 2009 in response to his serious medical needs was blatantly inappropriate. *See* Doc. 42 at 7-10.

Lunsford submits that Unfried's selected treatment plan of having him rinse his mouth out with water was inappropriate and lacking "any scientific medical backing." *See id*. at 7. Unfried submitted an affidavit with her (Doc. 34) motion for summary judgment which states that she observed as follows:

> It was also determined that Plaintiff had a ½ laceration inside his left upper lip. There is no specific treatment for a laceration of this type as the inside of the mouth is only stitched when there is a through wound and Plaintiff did not have a through wound. When there is no through wound, I have a detainee rinse his mouth out each time he eats or drinks and the laceration typically heals in seventy-two (72) hours.  This is what I directed Plaintiff to do.

Doc. 34-3 at 1-2.  Lunsford asserts that this evidence receipt of some medical care does not defeat his claim for deliberate indifference and asks the Court to consider a case from the Seventh Circuit Court of Appeals, *Snipes v. DeTella*, 95 F.3d 586 (7th Cir. 586). *See* Doc. 42 at 7-8.  Lunsford cites *Snipes* for a legal principle that a "prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is 'so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition.'" *Snipes*, 95 F.3d at 592 (quoting *Thomas v. Pate*, 493 F.2d 151, 158 (7th Cir. 1974)).  In *Snipes*, the Seventh Circuit affirmed a District Court's grant of summary judgment for several defendants on a prisoner's Eighth Amendment deliberate indifference claim in a case where prison officials were sued for failing to administer anesthetic before removing the prisoner's toenail. *See Snipes*, 95 F.3d at 591-92.  The *Snipes* court found for the defendants partly because the plaintiff could not demonstrate that the defendants

6

aggravated his condition by failing to administer anesthetic. *See id*. at 592. Just like *Snipes*, Lunsford has not demonstrated that his medical condition (mouth laceration) was in any way aggravated by the treatment plan chosen by Unfried. Rather, Lunsford merely disagrees that the selected treatment plan was appropriate, and this is insufficient to support an Eighth Amendment deliberate indifference claim. *See id*. at 591 ("Snipes disagrees with the way that treatment was administered, but a mere disagreement with the course of [the inmate's] medical treatment [does not constitute] an Eighth Amendment claim of deliberate indifference." (internal quotations and citations omitted)). Considering all the evidence in a light most favorable to Lunsford, the Court cannot conclude there is a genuine issue of material fact for trial with regard to Unfried's response to Lunsford's mouth injury sustained on October 23, 2009.

### B. Back Pain and Other Injuries

Lunsford contends that he received no treatment for his complaint about back pain to Nurse Unfried on October 23, 2009 and the days immediately following the altercation. *See* Doc. 42 at 8. Unfried outlined a medical history for reported back pain in her affidavit. *See* Doc. 34-3. This evidence demonstrates that the Madison County Jail medical staff was aware of Lunsford's back pain prior to and after the October 23 altercation and that he received several different pain relievers for temporary relief of periodic subjective complaints of back pain. *See id*. Lunsford urges the Court to find a genuine issue of material for trial because Unfried was aware of his history of back pain, and the evidence suggests that she disregarded the October 23 complaint of back pain. *See* Doc. 42 at 8.

The evidence in the record with regard to Lunsford's back issues can be summarized as follows:

1. On December 1, 2008, Lunsford fell out of his bunk and was transported to Gateway Regional Medical Center where he was evaluated by Dr. Debabrata Ray. During this examination, Lunsford complained of generalized hurting in his chest, headaches, back pain, and burning in his legs. Dr. Ray ordered an X-ray of Lunsford's back. The X-ray came back negative for fractures and dislocations, and Lunsford had lost his normal back curve, a condition that produces symptoms below the lumbar spine (i.e. the legs). Dr. Ray did not feel any further testing with regard to the back issue was necessary. Dr. Ray concluded that Lunsford suffered from malaise (generalized body ache) based on Lunsford's subjective complaints and negative test results. No medications or treatment plans were mandated. *See* Doc. 34-2 at 2-6 (deposition of Dr. Debabrata Ray).
2. On September 21, 2009, Lunsford was seen by Madison County Jail medical staff after complaining of various ailments including back pain. He was issued Motrin (Ibuprofen), a pain reliever, twice a day for two weeks. *See* Doc. 34-3 at 3, 8.
3. On October 3, 2009, Lunsford refused his Motrin. *See id*. at 3, 9.
4. On or around November 18, 2009, Lunsford complained of back pain and was issued Flexeril (Cyclobenzaprine), a pain reliever, for 7 days by Madison County Jail medical staff. *See id*. at 3, 10.
5. On December 25, 2009, Madison County Jail medical staff examined Lunsford after he complained of back pain. He was issued Tylenol, a pain reliever, for 3 days. *See id*. at 3, 11.
6. Lunsford refused his Tylenol for all 3 days it was issued. *See id*.

This evidence demonstrates that Lunsford periodically complained about his back issues and was issued over-the-counter pain relievers based on his subjective complaints before and after October 23, 2009. Lunsford was diagnosed with malaise (generalized body ache) the only time an actual diagnosis was made by a physician in 2008. Understandably, Lunsford wants to focus the argument as to his complaints about back pain that occurred specifically on October 23, immediately subsequent to his altercation on that day. *See* Doc. 42 at 8. The only sworn evidence on the record with regard to Lunsford's complaints about his back issues on October 23, is found in his deposition transcript:

> Q. Upon your arrival at the infirmary [on October 23, 2009], did you speak to any of the medical staff?
> A. Yes.
> Q. With whom did you speak?

8

> A. Bobby Unfried.
> Q. What did you speak with Bobby Unfried (sic)?
> A. She said to turn to her so she could see my face.  She noticed I had some bumps and bruises around my eyes.  I had a gash in my lip.
> Q. Did Bobby ask if you were injured?
> A. She asked me where else did I feel pain.  I told her my back was hurting some.
> …
> Q. Now, when you arrived at the infirmary, were you in pain?
> A. Yes.
> Q. Where specifically were you hurting?
> A. My face, my eyes, my nose, my lips, and my lower back.
> Q. Did you provide any information to the medical staff about why your back was hurting?
> A. I believe I told her when I went down, I hit the ground kind of hard.  I believe that would be the reason.  I am not a doctor, so I didn't know what was wrong with me at the time.
> …
> Q. [Prior to October 23, 2009], [w]ere you receiving treatment for your back pain?
> A. No, ma'am.
> Q. Did you complain to anyone about your back pain [prior to October 23, 2009]?
> A. To the nurse.
> …
> Q. Did Nurse Unfried perform any type of evaluation on you [on October 23, 2009]?
> A. She looked at me.  That was it.

See Doc. 34-1 at 7.  Lunsford was able to walk, unassisted, to and from the infirmary on October 23, 2009. S*ee id*. at 8.

The Court makes note of another Seventh Circuit Court of Appeals decision involving prison nurses, *Gayton v. McCoy*, 593 F.3d 610 (7th Cir. 2010).  In *Gayton*, the Seventh Circuit reversed a District Court decision granting summary judgment because an issue of material fact existed for trial when there was evidence to suggest that a defendant nurse refused to treat or even see a prisoner who was suffering from a serious vomiting condition. *See id*. at 623-24.  The *Gayton* court observed that there was evidence to suggest that the defendant nurse had subjective knowledge of a serious risk of harm to the prisoner and deliberately disregarded that risk when

9

she decided to do nothing because it was near the end of her shift and she wanted the next nurse to deal with the problem. *See id*. at 624. The *Gayton* court concluded that a jury could conclude that the defendant nurse's inaction surpassed mere negligence into the realm of deliberate indifference because a prison guard had filed a complaint against the nurse as a result of her inaction, and the guard's testimony suggested that even a layperson would be able to recognize that the prisoner's condition was serious. *See id*. (citing *Hayes v. Snyder,* 546 F.3d 516, 522 (7th Cir. 2008)).

Here, even construing the record most liberally for Lunsford, there is simply to no evidence to support the position that Unfried deliberately or recklessly disregarded Lunsford's back issues and other less glaring injuries sustained on October 23, 2009.

Unlike the Seventh Circuit's decision in *Gayton*, Lunsford cannot demonstrate the existence of a genuine issue of material fact for trial regarding whether his back pain and less glaring injuries were sufficiently serious. "A medical need is considered sufficiently serious if the inmate's condition 'has been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Roe*, 631 F.3d at 857 (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). Here, the only time that Lunsford's back was evaluated by a physician, he was diagnosed with generalized body ache was mandated no treatment plan. *See* Doc. 34-2 at 2-6. Furthermore, there is no evidence in the record of any outward signals that would indicate to a layperson that Lunsford had a debilitating or even noticeable back injury on October 23. Lunsford was able to walk to and from the infirmary on October 23 under his own power. *See* Doc. 34-1 at 8. This, combined with Lunsford's documented medical history and his own admission that he self-reported his back pain to Unfried as only "hurting some," can only lead the Court to conclude that his back issues

were not sufficiently serious so as to rise to the level required to find a triable issue of fact for trial on a constitutional tort (even if the complaint was indeed disregarded).

Likewise, Lunsford cannot demonstrate an issue of fact for trial as to whether Unfried acted with a sufficiently culpable state of mind. On October 23, 2009, Unfried examined Lunsford after he had just been in an altercation with another inmate. By Lunsford's own admission, he had "just got beat up" (Doc. 34-1 at 8) and was suffering from a multitude of resulting injuries. The evidence before the Court demonstrates that Unfried examined Lunsford on October 23 and did not respond inappropriately to Lunsford's most glaring injury; the laceration to his mouth. *See* Part III.A, *supra*. With regard to the other injuries, it appears that the Madison County Jail medical staff placed Lunsford in a new cell, where he stayed until he recovered from the injuries sustained in his altercation with inmate Johnson. *See* Doc. 34-1 at 8. Accordingly, Lunsford cannot demonstrate an issue of fact for trial as to whether Unfried disregarded or ignored Lunsford's less glaring injuries.[1] Like the treatment received for his mouth injury, Lunsford is unable to demonstrate that his other injuries were, in any way, aggravated or exacerbated by Unfried's selected course of action. *See* Part III.A, *supra*. Lunsford merely disagrees with Unfried's selected treatment decisions.

It is entirely possible that Lunsford could not even demonstrate an issue of fact existed as to whether Nurse Unfried acted negligently in response to any of his injuries. And proof of negligence is insufficient to demonstrate a deliberate indifference claim under the Eighth

---

[1] Lunsford contends that Nurse Unfried also disregarded a "one inch gash to the right rear side of Plaintiff's head, a badly cut lip, a swollen right elbow, and numerous scratches, scrapes, and bumps and bruises." Doc. 42 at 7. The Court notes that there is no evidence of a "one inch gash to the right rear side of Plaintiff's head" anywhere in the record. With regard to the other injuries, Nurse Unfried's selected course of action, like the back injury, was to place Lunsford in another cell and allow the injuries to heal.

Amendment. *See Roe*, 631 F.3d at 857 (citing *Walker*, 293 F.3d at 1037). Unfried is entitled to judgment as a matter of law.

### IV.  RECOMMENDATION

For the forgoing reasons, it is recommended that the defendant's motion for summary judgment (Doc. 34) be granted. If this recommendation is adopted in its entirety, there will be no further issues requiring the Court's attention in this case.

**SO RECOMMENDED.**

**DATED: July 23, 2012.**

*/s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE