IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE LUNSFORD, JR., <br><br> Plaintiff, <br><br> vs. <br><br> MADISON COUNTY JAIL, MADISON COUNTY, ILLINOIS, NURSE UNFRIED, and MADISON COUNTY JAILERS, <br><br> Defendants. | Case No. 10-cv-531-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 45) of Magistrate Judge Philip M. Frazier recommending that the Court grant defendant Nurse Unfried's motion for summary judgment (Doc. 34). Plaintiff Tyrone Lunsford, Jr., filed an objection to the R & R (Doc. 50).

**I.     Facts**

The only remaining claim in this case is plaintiff's allegation that defendant Unfried was deliberately indifferent to plaintiff's serious medical needs in violation of the Eight Amendment. Plaintiff's claim stems from an altercation he was involved in with another inmate. After the altercation, plaintiff complained of pain from a laceration to his lip, back pain, and other various injuries. He was treated by defendant Unfried for those injuries. Following protocol, defendant Unfried did not provide stitches because plaintiff's lip laceration was not a "through wound." Defendant Unfried, noting there was no specified treatment protocol for this type of wound, directed plaintiff to rinse his mouth each time he ate or drank. Defendant Unfried asserted that this was the direction she gave other patients with similar wounds, and this treatment plan

generally resulted in the wound healing within 72 hours.  With respect to plaintiff's back pain, medical staff had previously prescribed over-the-counter pain medication to plaintiff.  After the altercation, plaintiff was able to walk to and from the infirmary without assistance and only complained of "some" back pain.  Defendant Unfried did not prescribe back pain medication for defendant as part of his post-altercation treatment.

Defendant Unfried filed a motion for summary judgment asserting that defendant cannot prove she was deliberately indifferent to his serious medical needs.  Judge Frazier's R & R recommends the Court grant defendant Unfried's motion for summary judgment.  Specifically, with respect to plaintiff's mouth injury, the R & R concludes that plaintiff "merely disagrees that the selected treatment plan was appropriate, and this is insufficient to support an Eighth Amendment deliberate indifference claim."  Doc. 45, p. 7.  With respect to plaintiff's back pain, the R & R noted that plaintiff had complained of back pain on previous occasions and was provided pain medication.  Further, plaintiff walked to and from the infirmary without assistance.  Accordingly, the R & R concluded that plaintiff could not produce sufficient evidence to establish that defendant Unfried "deliberately or recklessly disregarded [plaintiff's] back issues and other less glaring injuries . . .," and "[plaintiff] cannot demonstrate the existence of a genuine issue of material fact for trial regarding whether his back pain and less glaring injuries were sufficiently serious."  Doc. 45, p. 10.  Further, the R & R noted that "[i]t is entirely possible that [plaintiff] could not even demonstrate an issue of fact existed as to whether [defendant] Unfried acted negligently in response to any of his injuries," and mere "negligence is insufficient to demonstrate deliberate indifference."  Doc. 45, p. 11.

**II.     Analysis**

The Eighth Amendment's prohibition on the unnecessary and wanton infliction of pain forbids deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006); *Zentmyer v. Kendall Co.*, 220 F.3d 805, 810 (7th Cir. 2000). To prevail on such an Eighth Amendment claim, a prisoner must show (1) that he had an objectively serious medical need and (2) that the official knew that the medical need was serious but disregarded it. *Johnson*, 444 F.3d at 584; *Zentmyer*, 220 F.3d at 810.

An objectively serious injury or medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Johnson*, 444 F.3d at 584-85 (quotations omitted). A serious medical condition need not be life-threatening, but it should constitute "a denial of the minimal civilized measure of life's necessities." *Id*. at 585 (quotations omitted).

An official is deliberately indifferent if she "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Johnson*, 444 F.3d at 585 ("The standard requires that an officer have 'subjective awareness' of the serious medical need and then act with indifference to that need."). "Deliberate indifference can arise by a failure to provide prompt treatment for serious medical needs or by intentionally interfering with treatment once prescribed." *Chapman v. Keltner*, 241 F.3d 842, 845-46 (7th Cir. 2001) (citing *Estelle*, 429 U.S. at 104-05). It can also arise where a treatment decision was a "substantial departure from accepted professional judgment, practice, or standards." *See Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996). However, a mere difference of opinion by medical professionals as to the way a medical problem should be treated, while it may lead to

an inference of negligence, does not give rise to an inference of deliberate indifference. *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001); *Pardue*, 94 F.3d at 261.  The prisoner must show that the defendant's conduct was intentional or criminally reckless; neither simple nor gross negligence is sufficient to establish deliberate indifference. *Johnson*, 444 F.3d at 585; *Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3).  The Court must review *de novo* the portions of the report to which objections are made.  The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).  Here, plaintiff filed an objection (Doc. 50).  Accordingly, the Court will review the portions to which plaintiff objected *de novo*; however, the Court will review the portions to which plaintiff only partially objected or did not object for clear error.

Plaintiff objected to the R & R's recommendations with respect to both his mouth injury and back pain.  Specifically, with respect to his mouth injury, plaintiff objected that the R & R did not consider that defendant Unfried failed to provide him with peroxide, antibiotics, or pain medications, or check up on him.  Accordingly, the Court will review this portion of the R & R *de novo*.

As the R & R indicated, defendant Unfried did not contest that plaintiff's mouth injury constituted a serious medical need.  She does, however contend that plaintiff cannot prove she was deliberately indifferent to his mouth injury.  Here, upon promptly examining plaintiff,

4

defendant Unfried prescribed the same course of treatment to plaintiff that she successfully prescribed for other examinees with similar wounds. Plaintiff fails to provide any evidence that defendant Unfried's course of treatment was a substantial departure from accepted professional judgment, practice, or standards. Further, plaintiff's objection listed several items defendant Unfried failed to provide to him, but these objections simply amount to a disagreement with his course of treatment. In sum, defendant Unfried promptly treated plaintiff's wounds with a course of treatment she had found successful in the past. As such, plaintiff cannot establish that defendant Unfried acted with the requisite intentional or criminal recklessness necessary to establish deliberate indifference. Accordingly, considering the evidence in the light most favorable to plaintiff, there is no genuine issue of material fact and defendant Unfried is entitled to judgment as a matter of law with respect to plaintiff's deliberate indifference claim regarding his mouth injury.

With respect to plaintiff's back pain, plaintiff objected that his prior back pain treatment should not be considered by the Court, and that defendant Unfried's "wrongdoing" was evident "as she clearly saw that plaintiff had been suffering since the day of the altercation and ordered the strongest pain medication the plaintiff has been subscribed [sic] for any 'back pain' complaint." Doc. 50, p. 2. Accordingly, plaintiff objects to the portion of the R & R finding that plaintiff cannot establish the requisite culpable state of mind. Plaintiff, however, failed to object to the R & R's finding that plaintiff cannot establish that he suffered a serious medical condition. Absent a serious medical condition, plaintiff's deliberate indifference claim must fail. Accordingly, because plaintiff only partially objected, the Court will review this portion of the R & R for clear error. The Court has reviewed the R & R with respect to plaintiff's deliberate indifference claim regarding his back injury and finds that this portion is not clearly erroneous.

Thus, for the foregoing reasons, the Court hereby **ADOPTS** the R & R in its entirety (Doc. 45) and **GRANTS** defendant Unfried's motion for summary judgment (Doc. 34).  Further, as no claims remain pending, the Court **DISMISSES** this matter **with prejudice**, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** October 15, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
